**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
-----------------------------------------------------------------------x
                                              :
In re:                                        :  Chapter 11
                                              :
HO WAN KWOK, et al.,¹                         :  Case No. 22-50073 (JAM)
                                              :
                  Debtors.                    :  (Jointly Administered)
                                              :
-----------------------------------------------------------------:
                                              :
                                              :
LUC A. DESPINS, CHAPTER 11                    :
TRUSTEE,                                      :
                                              :
                                              :  Adv. Proceeding No. 24-05143
                  Plaintiff,                  :
v.                                            :
                                              :
                                              :
DREAM PROJECTS LLC,                           :
                                              :
                  Defendant.                  :
-----------------------------------------------------------------------x
```

**OBJECTION OF CHAPTER 11 TRUSTEE TO
DEFENDANT DREAM PROJECTS LLC'S
MOTION TO VACATE ENTRY OF DEFAULT**

Luc A. Despins (hereinafter, the "Trustee"), in his capacity as Chapter 11 Trustee of Ho

Wan Kwok (the "Debtor"), hereby files this objection (the "Objection") to *Dream Projects LLC's*

*Motion to Set Aside Default* [ECF No. 31]² (the "Motion to Set Aside") in which defendant Dream

Projects LLC (the "Defendant") seeks to set aside the clerk's entry of default. In support of his

Objection, the Trustee states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] References to "ECF No. __" refer to items on the docket of the above-captioned adversary proceeding, No. 24-05143 (Bankr. D. Conn.) (the "Adversary Proceeding").

**I.      Defendant Seeks to Vacate Entry of Default**

1.      The Defendant was properly served with the Complaint in this Adversary Proceeding on February 27, 2024.  [ECF No. 7].  The Trustee's claims, however, were stayed pursuant to the Court's Mediation Order [Main Case ECF No. 3163].  The stay was lifted at a hearing on November 3, 2025 [Main Case ECF No. 4828] (the "Avoidance Pretrial Order"), and the Defendant's deadline to respond to the Complaint was December 15, 2025.  The Defendant did not respond by the deadline, so the Trustee requested default against the Defendant on January 8, 2026. [ECF No. 23]. The Clerk of Court entered the default on January 12, 2026.  [ECF No. 24].

2.      On March 26, 2026, counsel moved to appear *pro hac vice* for the Defendant and on April 16, 2026, filed the Motion to Set Aside. [ECF Nos. 25, 31].  In its Motion to Set Aside, the Defendant boldly argues that, despite being aware of the adversary proceeding and engaging in communication with the Trustee throughout 2024, the Defendant failed to responds because the Trustee did not inform the Defendant that the stay had been lifted. [ECF No. 31 at ¶¶ 6, 8].  Indeed, the Defendant even attempts to place blame on the Court for its failure to timely plead due to ". . .procedural circumstances created by the Court's own omnibus orders . . ." [*Id*. at ¶ 14].

3.      Upon being properly served with the Complaint, rather than engaging counsel, the Defendant chose to proceed *pro se* and, as such, was not aware the stay had been lifted.  The Defendant's failure to remain abreast of the progression of this proceeding and choosing to wait to engage counsel only after default had entered shows the willfulness of the default and is not sufficient to set aside the default.

4.      The Defendant has failed to meet its burden to show good cause to set aside the default as required by Civil Rule 55(c): it cannot show that the default was anything but willful and due to circumstances in its control; its purported defenses are not meritorious but rather legally

defective; and the Trustee would be prejudiced by the Defendant's deliberate and lengthy delay. As such, the Court should deny the Defendant's Motion to Set Aside.

## II.    Defendant Fails to Demonstrate Good Cause to Vacate Default

5.      Rule 55(c) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7055 of the Bankruptcy Rules, provides that a court "may set aside an entry of default for good cause[.]" FED. R. CIV. P. 55(c). "The movant bears the burden of demonstrating good cause for setting aside the default." *State Univ. of New York v. Triple O, LLC*, No. 21-2116-CV, 2022 WL 14177198, at *2 (2d Cir. Oct. 25, 2022) (citing *Sony Corp. v. ELM State Elecs. Inc.*, 800 F.2d 317, 320 (2d Cir. 1986) (emphasis added)).

6.      "Because Rule 55(c) does not define the term 'good cause,' [the Second Circuit] ha[s] established three criteria that must be assessed in order to decide whether to relieve a party from a default judgment." *Bricklayers & Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (alterations in original) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  The three criteria are "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *New York v. Green*, 420 F.3d 99, 108, 2d Cir. 2005) (citing *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004)).[3] The Motion fails to satisfy this standard.

---

[3]    "In considering these criteria, public policy in favor of resolving disputes on the merits "must be balanced against the competing interest in maintaining an orderly efficient judicial system in which default is a useful weapon for enforcing compliance with the rules of procedure.  Ultimately, determining a motion to set aside a default is a matter of discretion, reviewed for abuse of discretion." *See Memorandum of Decision and Order Granting Motion for Default Judgment and Denying Cross-Motion to Set Aside Default*, Adv. Proc. No. 23-05023, ECF No. 63, at 9 (internal citations and quotation marks removed) (the "Lamp Capital Default Decision").

### A. Defendant's Default was Willful

7.      First, as to the willfulness element, a default is willful if it is "not satisfactorily explained." *Bricklayers*, 779 F.3d at 186 (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).  The "degree of negligence in precipitating a default is a relevant factor to be considered . . . ." *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57,61 (2d Cir. 1996).  The willfulness inquiry is "concerned with the distinction between those defaults that are excusable and those that are not." *Allen v. N. Trucking & Logistics, LLC (In re Bailey's Express, Inc.)*, Adv. Proc. No. 18-3008, 2019 WL 4686560, at *3 (Bankr. D. Conn. Sept. 25, 2019 (Nevins, J.).

8.      Further, a "finding of bad faith is [not] a necessary predicate to concluding that a defendant acted 'willfully.'" *Gucci Am., Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 635 (2d Cir. 1998).  Rather, an "inference of willful default" is justified where a defendant does not deny that he received the complaint, the court's orders and notices, yet does not assert that non-compliance was due to circumstances beyond his control. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994)).

9.      First, the Defendant does not contest that it was properly served with the Complaint. Indeed, the Defendant admits that it communicated with and provided information to the Trustee's office after being served.  [ECF No. 31 at ¶¶ 6, 8, 15].  Given that the Avoidance Pretrial Order was served to the same addresses as the Complaint, it is inexplicable that the Defendant would not be aware of the lifted stay.  Moreover, the Defendant's participation in this litigation process upon receipt of the Complaint in 2024 demonstrates that the Defendant was aware of the importance of defending against the claims, yet it chose not to engage counsel or have representation on the docket for over two years.

4

10.     Additionally, the Defendant argues that its failure to timely plead was the product of "procedural circumstances created by the Court's own omnibus orders" and was "not an intentional disregard of this proceeding." [ECT 31 at ¶ 14].  The Defendant's attempt to minimize its own failure to monitor the docket and/or retain counsel does not sufficiently explain its failure to respond to the Complaint.  The Defendant chose to proceed without obtaining local bankruptcy counsel, ignoring the fact that as a corporation, the Defendant is not permitted to proceed *pro se* in this matter [s*ee, e.g.,* Local Bankr. R. 1002-1(c)].

11.     Despite being aware of the proceeding and the claims against it, the Defendant chose not to obtain counsel or request from the Court access to the docket where it would have been immediately notified of any changes in the posture of the proceeding.  The Defendant is not asserting that non-compliance was due to circumstances beyond its control.  Rather, the Defendant not only blames the Trustee for failing to inform it of the lifted stay, but it failed to timely plead due to the Court's administration of the Main Case and numerous adversary proceedings.  None of these purported explanations are sufficient to show that the default was due to circumstances beyond the Defendant's control.  Quite the opposite, in fact – it chose to not retain counsel and it chose to not monitor the docket on its own.  Accordingly, the Court should infer a "willful default" on the part of the Defendant. *Guggenheim Cap., LLC*, 722 F.3d at 455.

12.     At bottom, the Defendant knew about the claims against it and chose to not retain counsel despite the ample time it had to do so while the matter was stayed.  The Defendant's conduct is willful and as such, the Defendant has failed to show good cause to set aside the Clerk's Default.

5

**B. Defendant Fails to Show Meritorious Defense**

13.     Second, the Motion fails to present a meritorious defense. As this Court has previously stated, "when evaluating the presented evidence," the relevant consideration is whether the evidence submitted, "'if proven at trial, would constitute a complete defense.' *State Street*, 374 F.3d at 167 (citing *Enron*, 10 F.3d at 98); *see McNulty* 137 F.3d at 740." Lamp Capital Default Decision at 15-16.

14.     "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 92 (2d Cir. 1993). It also not enough to simply say the Defendant "will" show its defenses or give general summaries of its purported defenses – such general denials must be supported by facts in the motion to vacate. *See Sony Corp. v. ELM State Elecs., Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986) ("Although in an answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts. [The Defendant] failed to do so here. The affidavits that defendants filed were no more than sworn conclusory denials and were properly held to be insufficient.").[4]

15.     The Defendant claims it has meritorious defenses, but none are availing. It simply lists some boilerplate defenses without providing any facts to support them. There is no context or specifics given to support these purported defenses. On this basis alone, the Defendant has failed to meet its burden.

---

[4]     Moreover, even if the Court required further information to evaluate these purported defenses, here the blatant willfulness of the Defendant's default "alone is a sufficient basis to deny vacating the default" irrespective of a meritorious defense analysis. *See Manzanares v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, No. 17-CV-5001 (MKB) (RML), 2020 U.S. Dist. LEXIS 204386, at *23 (E.D.N.Y. Nov. 2, 2020) (citing *Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F. Supp. 2d 528, 533-34 (E.D.N.Y. 2007) ("Despite any meritoriousness of an anticipated defense, a default judgment should not be vacated if the default was willful.")).

16.     The Defendant weakly argues that the transfers it received were "for reasonably equivalent value and in the ordinary course of business," and "it acted in good faith and without fraudulent intent, and that any transfers it received were for legitimate business purposes." [ECF No. 31, ¶¶ 21, 22].

17.     The Defendant, however, cannot establish a good faith and value defense under Section 548(c) for many reasons, most notably because the Defendant was aware of numerous red flags warning of the Debtor's fraudulent shell game. The transfers, totaling *over $165,000.00* occurred within a span of 71 days.  This along with the very public connection G Fashion had to the Debtor should have been enough to put the Defendant on inquiry notice.

18.     As the Second Circuit has explained, a transferee is not in good faith if "the facts the transferee knew would have led a reasonable person in the transferee's position to conduct further inquiry into a debtor-transferor's possible fraud. . ." and "once the court has determined that a transferee had been put on inquiry notice, the court must inquire whether diligent inquiry by the transferee would have discovered the fraudulent purpose of the transfer." *In re Bernard L. Madoff Inv. Sec. LLC*, 12 F.4th 171, 191 (2d Cir. 2021) (emphasis added).  Thus, the Defendant bears the burden of proof to demonstrate that it lacked such inquiry notice, a burden it would be unlikely to meet given compelling evidence in light of G Fashion's very public connections with the Debtor.

19.     Notably, the Defendant also has provided no explanation as to what the Debtor allegedly purchased with the transfers or what services or goods the Defendant purportedly provided in exchange. Without such basic information or context, the Court cannot find that these purported defenses are meritorious or likely to succeed.

7

20. The Defendant also argues that the Trustee's claims are barred or limited by additional defenses, including but not limited to "statutory defenses, equitable defenses, and limitations on recovery." [ECF No. 31 at ¶ 24]. However, the Defendant provides no further explanation or facts as to why these defenses apply to the circumstances of this proceeding other than to vaguely state that the applicability of these statutes "depend on the specific facts surrounding the transfers, the timing of the transactions, and the parties' course of dealing" which are matters that require "adjudication on a full record." [*Id*. at ¶24].

## C. Trustee Will Be Prejudiced if Default is Set Aside

21. Third, the Trustee will be prejudiced if the default is set aside. As an initial matter, where a defaulting defendant has acted willfully and has failed to demonstrate a meritorious defense, the court need not consider whether the non-defaulting party will suffer prejudice before denying a Rule 55(c) motion. *See, e.g., Bricklayers*, 779 F.3d at 187 ("We need not reach the question of whether the plaintiff would suffer prejudice as we are persuaded that the default was willful and . . . [are] unpersuaded that the defaulting party has a meritorious defense.") (alterations in original); *see also Batt v. Am. Compressed Steel Corp. (In re Global Metallurgical, Inc.)*, 327 B.R. 182, 186–87 (Bankr. S.D.N.Y. 2005) (declining to vacate entry of default judgment based only on defendant's failure to present evidence of facts providing complete defense to plaintiff's allegations); *Bailey's Express*, 2019 WL 4686560, at *4 n.6 ("discussion of the prejudice factor is unnecessary" because movant failed "to present a meritorious defense"). Therefore, no prejudice need be shown on the part of the Trustee in order to defeat the Defendant's motion. Additionally, it is the ***Defendant's*** burden to show the Trustee would not be prejudiced, which the Defendant fails to do.

22. However, the Trustee ***would*** be prejudiced if the Court were to set aside the default. If delinquent parties, such as the Defendant, were permitted to belatedly participate in these cases

because the delays they cause—which delays unfortunately have been a recurring theme since the Trustee's appointment—disrupt the orderly chapter 11 process and stymie the Trustee's asset recovery efforts. The Court has said—and the Trustee agrees—that these adversary proceedings should move forward expeditiously and without delay.

23. Further, the Defendant's nonsensically claims that, by setting aside the default, the Trustee will not be prejudiced because "*significantly*, the Trustee has served "hundreds of subpoenas in the main case . . . and . . . has already obtained substantial evidence . . . to utilize to prove his claims in this Adversary Proceeding". [ECF No. 31 at ¶¶ 18] (emphasis added). The Defendant is incorrect, however. Discovery is well underway. Indeed, document discovery has largely been completed and the parties are preparing for depositions and trial preparation. If the Defendant were permitted to set aside its default and begin litigating now, it would be months behind all other Defendants, delaying the swift and orderly resolution of these adversary proceedings.

24. Setting aside the default in this matter would also create untenable precedent for any other defaulted Defendants. If the Court were to allow any properly-served, defaulted party to ignore the Complaint, and then file a successful motion to set aside the default and begin litigating at their leisure, there would be no resolution to any of the proceedings in this case. The Trustee would have to be prepared to litigate adversary proceedings previously thought closed, wasting untold time and resources. Defendants would also have no incentive to respond to the Complaints served against them if they knew they could revive the litigation at a time of their choosing. Such a lackadaisical approach to litigation should not be permitted. All of this would further prejudice the Trustee and the Estate and further burden the Court.

9

25.     The Defendant was properly served and failed to respond because it failed to monitor the progress of the case.  The Trustee gave the Defendant an additional month before obtaining entry of default, but the Defendant now asks the Court to restart the clock and let them essentially begin the litigation over again.  Given the above, the Trustee requests that the Court deny the Motion to Set Aside.

WHEREFORE, the Trustee requests that the Court deny the Defendant's Motion to Set Aside and such other relief as is just and proper.

Dated: May 4, 2026                                   LUC A. DESPINS,
          New Haven, CT                          CHAPTER 11 TRUSTEE

                                                          By: /s/   Erin T. Ryan
                                                               Patrick R. Linsey (ct29437)
                                                               Erin T. Ryan (ct32005)
                                                               NEUBERT, PEPE & MONTEITH, P.C.
                                                               195 Church Street, 13th Floor
                                                               New Haven, Connecticut 06510
                                                               (203) 821-2000
                                                               plinsey@npmlaw.com
                                                               eryan@npmlaw.com

                                                               *Counsel for the Chapter 11 Trustee*